IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BANK OF AMERICA CORP. AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION,<br><br>This document applies to:<br><br>*Independence Tube Corp. v. Bank of America, et al.*, 09-887-JSW<br>_____/ | No. MDL 09-02014 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON October 2, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

//

The Court **tentatively grants** Defendants' motion to dismiss Independence Tube's Complaint and reserves issuing a tentative ruling on whether leave to amend shall be granted.

The parties shall have twenty (20) minutes to address the following questions:

1. Do the parties agree that the Court should apply Ninth Circuit authority to any federal claims asserted in the Complaints? *See In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 104 (C.D. Cal. 2007).

2. Where in the Complaint can the Court find factual allegations that identify the roles that Bank of America Corporation and Banc of America Investment Services played in the alleged frauds? *See, e.g., Openwave Systems, Inc. v. Fuld*, 2009 WL 1622164 at *5 (N.D. Cal. June 6, 2009) (citing *Schwartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (concluding that Rule 9(b) does not allow plaintiff to lump multiple defendants together).

3. Is it Defendants' position that the disclosures set forth in the account statements and on their websites require the Court to dismiss ITC's Complaint with prejudice?

4. On reply, Defendants argue that ITC has failed to allege facts to support its claims that BAS acted as an investment advisor.

    a. On what facts in the Complaint or its attachments do Defendants rely to support their contention that ITC's "account was a non-discretionary brokerage account?" (Reply at 5.)

    b. Where in the Complaint can the Court find the facts to support ITC's claim that Defendants acted as an investment advisor for ITC?

5. How does ITC distinguish *DeBlasio v. Merrill Lynch & Co., Inc.*, 2009 WL 2242605 (S.D.N.Y. July 27, 2009), in which that court concluded that plaintiff's claims for negligent misrepresentations, breach of fiduciary duty, and violations of the Investment Advisors Act all sounded in fraud and, therefore, were subject to the requirements of Rule 9(b)? *See DeBlasio*, 2009 WL 2242605 at *10-14; *see also Kassover UBS AG*, 619 F. Supp. 2d 28, 31 (S.D.N.Y. 2008) (concluding that plaintiff's claims were governed by

Rule 9(b) where plaintiff averred that defendants' conduct was based on alleged deceptive and fraudulent practices).

6. Upon what section or sections of the Illinois Securities Act does ITC base its claims?

7. Are there any other issues any party wishes to address?

**IT IS SO ORDERED.**

Dated: September 30, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE